UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| RICH FRONING FITNESS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Docket No. _____ |
| | ) |
| FEAST BOX, LLC d/b/a JUST MEATS AND JODY ROOKSTOOL, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Rich Froning Fitness, LLC (hereafter "**Plaintiff**"), by and through its counsel, files this Complaint against Defendants Feast Box, LLC d/b/a Just Meats and Jody Rookstool (each individually a "**Defendant**" and collectively "**Defendants**"), seeking damages, injunctive relief, and other general and specific relief, for the breach of contract, civil conspiracy, fraudulent misrepresentation, and unjust enrichment, based upon the following:

### PARTIES

1. Plaintiff Rich Froning Fitness, LLC is a Tennessee Limited Liability Company formed under the laws of Tennessee and has a principal place of business is located at 601 Rich Froning Way, Cookeville, Tennessee 38501.

2. Defendant Feast Box, LLC d/b/a Just Meats is a Utah Limited Liability Company formed under the laws of Utah and has a principal place of business at 676 W 1200 N Springville, Utah 84663. Its registered agent is identified on filings with the Utah Department of Commerce, Division of Corporations and Commercial Code as SSG ESQ, LLC, located at 3333 North Digital Drive, STE 750, Lehi, Utah 84043. Feast Box, LLC has been identified by Feast Box, LLC as "Quick Fresh LLC," which is not an actual entity. Rather, "QuickFresh" has was previously a d/b/a of Feast Box, LLC. Separately, Just Meats, LLC is a Utah Limited Liability Company formed under the laws of Utah and has a principal place of business at 676 W 1200 N, Springville, Utah 84663. Its registered agent is identified on filings with the Utah Department of Commerce, Division of Corporations and Commercial Code as National Registered Agents, Inc. CRA #7209417-0250.

3. Upon information and belief, Defendant Jody Rookstool is an individual and is and was at all time material hereto a resident of Utah County. His residence is located at 644 S 1330 East Mapleton, Utah 84664.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this litigation pursuant to 28 U.S.C §1332(a)(1), in that this is a civil action between citizens of Utah and citizens of Tennessee and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district under 28 U.S.C. §1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in and/or were directed to this district. Venue is additionally proper within this district under § 1391(b)(2) as the intellectual property detailed herein is situated within this district.

6. The Defendants have purposefully availed themselves of the jurisdiction of this district by doing business with Plaintiff, directing unlawful actions towards Plaintiff, and by substantially marketing to and selling products to consumers within the State of Tennessee.

## FACTUAL AVERMENTS

7. Rich Froning, Jr. ("Froning") is the sole member of Plaintiff Rich Froning Fitness, LLC, a Tennessee limited liability company in good standing and located in Cookeville, Tennessee. *See* Ex. 1.

8. Froning is an entrepreneur, globally recognized CrossFit athlete, celebrity and leading social media influencer, with over one (1) million social media followers. Froning's audience is engaged by his Christian faith and family driven lifestyle, athletic pursuits, nutrition and training regiments, and business endeavors.

9. From 2011 to 2022, Froning won 10 championships at the global CrossFit Games competition, earning multi-year contract endorsements from Reebok, Oakley, Rogue Fitness, and many others.

10. In recent years, Froning has expanded his pursuits into competitive hunting and mountain biking, earning additional endorsements from companies interested in alignment brands with his personal and professional platforms.

11. Beyond product endorsements, Froning has built successful business platforms in online performance and nutrition programming.

12. Froning enters into contractual endorsements for his brand promotion through Rich Froning Fitness LLC. The business is alternatively known as "Mayhem" and has registered federal trademarks for MAYHEM® and MAYHEM ATHLETE®. Outside of Froning's

personal media pages, Mayhem has hundreds of thousands of followers and target audience members for social media pages like CrossFit Mayhem (YouTube), and @thecrossfitmayhem (Instagram).

13. In October 2023, Andrew Ettinger of "Just Meats" contacted Plaintiff personnel with an interest in a business partnership whereby Plaintiff would promote Just Meats branded meal products. Ettinger thereafter directed sample pre-packaged meat meals to be provided to Plaintiff personnel for testing.

14. On or around November 14, 2023, Defendant Jody Rookstool first engaged directly with Plaintiff personnel to promote the partnership.

15. On December 12, 2023, Rookstool emailed Plaintiff employee Rory McKernan:

    I know I said 48 hours but I couldn't wait that long. :-)  I spent a few hours really thinking through HOW DO WE MAKE THIS A HOMERUN FOR RICH AND FOR JUST MEATS?   Out of that process came the following 2 videos.  I did it in video form hoping Rich can watch them.  I am giving you my honest take on what I would do if I was in his shoes.   About 25 minutes between the 2 videos but I felt like the foundation was critical for Rich to understand if we are going to go down this path together.

    *See* Ex. 2.

16. Within the linked Vimeo videos Rookstool stated and displayed sales graphics that "Just Meats" had grossed approximately $1.2 million in its first full month of sales. Rookstool further stated and displayed sales graphics that "Just Meats" had generated approximately $23,000 in sales by 7am the morning of filming the videos. These videos were prepared in Utah and known to be directed to Plaintiff personnel in Tennessee.

17. Rookstool's videos referenced his past successes with Built Bar and Quickfresh, indicating that his pivot from the Quickfresh brand to Just Meats was a matter of earning only $1 million a month instead of the $10 million to $20 million potential with Just Meats.

18. "Quickfresh" was a pre-packaged meal delivery service that Rookstool launched and operated through the website quickfresh.com. As Plaintiff would later learn, and is further detailed below, Rookstool would attempt to convert Quickfresh to a retail operation called FeastBox, which would be a tremendous failure influencing the unlawful actions of Defendants in this dispute.

19. Rookstool indicated that he had previously raised about $70 million for past companies, and that he had raised approximately $8.5 million for Just Meats. Based on this representation, Plaintiff understood Just Meats to be a profitable, successful, and venture backed company.

20. Rookstool compared Froning to the Michael Jordan of CrossFit, claiming that Rookstool had the power to unlock Froning's full brand potential through a relationship with Just Meats.

21. Rookstool's proposal was for Froning to have a base monthly payment in addition to a sales commission and included:

    - A $2 million marketing budget dedicated to promoting Froning's connection with Just Meats and beyond;
    - A realistic scenario of $80,000 monthly and a stretch goal of $20,000 monthly.
    - A guarantee of $1 million if the Froning branded sales did not rise to $150,000 per month by the end of 2024.

22. During January and February 2024, Mayhem negotiated a contract with "FEAST BOX, LLC d/b/a Just Meats" summarized below. This LLC was represented to be the owner and developer of the Just Meats products. However, during this time and unbeknownst to

Plaintiff, Rookstool established a new "Just Meats" entity for the ultimate purpose of shuttering Feast Box, LLC and transferring its goodwill to the new entity.

23. Specifically, on January 29, Rookstool established a new Utah entity called Just Meats, LLC. *See* Ex. 3. Also on January, 29, 2024, Rookstool filed a termination of the DBA "Just Meats" registered with Feast Box, LLC. *See* Ex. 4. Rookstool's ultimate scheme, as detailed below, was to (1) generate revenue at the exploitation of Plaintiff and others in order to clear Rookstool's personal debts through Feast Box, LLC, (2) bankrupt Feast Box, LLC, and then (3) carry forward Just Meats, LLC free and clear of creditors.

24. On March 1, 2024, Feast Box, LLC and Plaintiff formally executed an Endorsement Agreement ("Agreement"). *See* Ex. 5. The Agreement contained the following summarized provisions relevant to this suit:

    - Plaintiff would provide creative content, including original media development by the Mayhem media team, for the promotion of "Just Meats" products.
    - Plaintiff would provide permissions to use its content and the name, image, and likeness of Froning for the promotion of "Just Meats" products.
    - Plaintiff would actively promote "Just Meats" products on its and Froning's social media pages and other media channels.
    - FeastBox, LLC would pay to Plaintiff a base monthly fee of $13,500.
    - FeatBox, LLC would pay to Plaintiff a ten percent 10%) commission as a revenue share of gross sales of Just Meats products purchased by third party customers in connection with Plaintiff's promotions.

25. Plaintiff fulfilled all of its responsibilities through the filing of this litigation. As of August 19, 2024, Froning's likeness and the Froning LLC promotion material is still

being unlawfully exploited by Feast Box, LLC, e.g., https://www.justmeats.com/rich-froning and https://www.instagram.com/stories/highlights/18013749836256456/?hl=en.

26. In June 2024, counsel for Mayhem learned that Feast Box, LLC had not made payments to Mayhem in compliance with Agreement. In due diligence, said counsel found that "Quickfresh LLC" (the since revoked d/b/a of Feast Box, LLC) and Rookstool were being sued in multiple jurisdictions for violation of lease contracts related to the failed FeastBox retail chain that was operated through Feast Box, LLC. *See, e.g.*, Ex. 6.

27. Importantly, among these litigations it is evident that Rookstool made personal guarantees on leases totaling millions of dollars. Additionally, Rookstool's personal house seems to have been used as collateral for funding to "Quickfresh, LLC." *See* Ex. 7.

28. In an email to Feast Box, LLC employee Ettinger, Plaintiff's counsel expressed concern that Plaintiff was being exploited; specifically, that Plaintiff was not being paid in order to direct available revenue to fund litigation defenses of Feast Box, LLC, and in an effort to personally protect Rookstool. *See* Ex. 8.

29. In response to the June 25 email, Ettinger wrote:

> As I explained in my emails to the others, we are set to receive a very large funding this week, and all past debts and business expenses will immediately be paid between next week and mid July and the funding is arriving in 3 payments. There is no concern moving forward as there is plenty more in the funding to support our growth for the next foreseeable future (years), as it is a large round. Jody still maintains complete control over the company as a result.

30. Upon request under the terms of the Agreement, Ettinger additionally provided a spreadsheet showing that Plaintiff was owed at least $78,397.93 for the months of April, May, June, and July. *See* Ex. 9.

31. On June 26, Rookstool additionally sent a Vimeo video narrating:

- Feast Box, LLC was supposed to receive a large investment in January 2024 that would value the company at over $100 million.

- The investment was stalled by circumstances beyond Rookstool's control, including personal health matters with one of the unnamed investors.

- Due diligence was now proceeding and investment was forthcoming in a matter of days.

- Part of the sizeable investment would be directed to paying off approximately $10 million in lease liabilities, and that the assets and operations of Feast Box, LLC would be transferred to a new entity (Just Meats, LLC).

- Investor funds were actively being wired, and checks <u>would be sent out "tomorrow," or June 27, including to Plaintiff</u>.

See Ex. 10.

32. On July 18, 2024, Ettinger was contacted for a status update as Plaintiff had not received the funds that were promised to be paid by Rookstool. Ettinger responded:

> Hey man, I'm out of office until Thursday this week. Just as a heads up if funding hits Tuesday whether that's in the morning or late in the evening that means we wouldn't be able to really make any payments to anyone or anything probably for the next day or couple of days would be my guess.

33. On July 22, 2024, Ettinger was contacted about the payment that still had not been made. Ettinger responded:

> [U]nfortunately still hasn't happened. Something to do with the SEC (some governing body with investing). We're hopeful it will be this week, but still awaiting to hear if that's early or late in the week.

34. On July 23, 2024, Plaintiff's counsel sent notice of breach in accordance with the terms of the Agreement, with an opportunity to cure by August 7, 2024. See Ex. 11.

35. On August 5, 2024, Ettinger wrote:

> Friday we were told that the transfer of funds began from the investment firm to the bank it needs to go to before being transferred to us. Again, sorry I don't speak this language well and it's almost my version of playing "telephone" from what I've been told. Basically from what I understand, from this point, it is supposed to be 2-3 business days for it to arrive with us. So this is a HUGE next couple of days for us. Hopefully we get some more info today or tomorrow.

36. As of this filing, Plaintiff has yet to be paid. Meanwhile, Defendants continue to unjustly benefit from the likeness and endorsement of Froning and the promotional content and works of Plaintiff.

37. Feast Box, LLC has also used the contractual partnership with Plaintiff to solicit CrossFit gyms across the country that have separate contractual relationships with Plaintiff, failing to deliver promised goods to those gyms, and tarnishing those gyms' relationships with Plaintiff. *See, e.g.*, Ex. 12.

38. Defendant Feast Box, LLC has generated hundreds of thousands of dollars in sales from the Agreement with Plaintiff, has intentionally breached that Agreement, and has been unjustly enriched.

39. Defendant Rookstool has used the benefits of the Agreement to fund litigation in which he is personally named. Moreover, Rookstool's home has been used as security for a $1.9 million loan made to "QuickFresh, LLC" (i.e., Feast Box, LLC), that is being paid through exploitation of Plaintiff. Rookstool has been, and continues to be, unjustly enriched at Plaintiff's expense.

40. Prior to execution of the Agreement and during the course of dealings with Plaintiff, Rookstool made several fraudulent statements including statements concerning the sales of Just Meats branded products, the nature and identity of the business, the existence of past investment into the business, the nature of impending investment into the business, the

timing of investment into the business, and the source of investment into the business. These fraudulent misrepresentations were made for the benefit of Feast Box, LLC, Just Meats, LLC, and Rookstool individually.

41. Throughout 2024, Feast Box, LLC and Rookstool entered into several settlement agreements with litigating landlords which failed to be satisfied. *See, e.g.*, Ex. 13. Upon information and belief, Rookstool intends to generate sufficient revenue through Just Meats sales to pay off the litigations in which he is personally named and free up the liens on his home, bankrupt Feast Box, LLC, and then carry forward the goodwill of the company into the separate entity Just Meats, LLC. Rookstool has conspired with one or more individuals to accomplish this scheme, including Andrew Ettinger. By stringing along Plaintiff with false promises of payment, Rookstool and Ettinger have been able to direct revenue to litigation defenses and other channels that benefit Rookstool personally.

## COUNT I

### BREACH OF CONTRACT

**(Defendant Feast Box, LLC)**

42. Plaintiff re-alleges the facts and allegations set forth in paragraphs 1 through 41.
43. The Parties mutually executed a written contract.
44. Plaintiff fulfilled all obligations under the contract.
45. Defendant Feast Box, LLC intentionally breached multiple provisions of the contract based on the conduct described herein, specifically Sections 1.1 of the contract detailing compensation.
46. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered, and will continue to suffer, great and irreparable harm in an amount to be determined. Plaintiff has

suffered lost opportunities with other meal sponsors, has provided endorsements that cannot be erased, and has invested its own funds in producing promotional material in furtherance of the contract and Just Meats brand.

47. Defendant FeastBox, LLC entered into the contract with fraudulent misrepresentations and fraudulent intent, and any provisions of the contract limiting relief to Plaintiff should be considered null, void, and/or unenforceable.

## COUNT II

## FRAUD

**(Defendant Jody Rookstool)**

48. Plaintiff re-alleges the facts and allegations set forth in paragraphs 1 through 47.

49. Defendant Rookstool made intentional misrepresentations of material facts to the nature, performance, and stability of "Just Meats" prior to execution of the Agreement with Plaintiff, in an effort to induce Plaintiff to enter into said Agreement.

50. Defendant further made intentional misrepresentations of material facts to investment into "Just Meats," and the interest and ability of the company to pay Plaintiff, after execution of the Agreement, in an effort to prolong the exploitation of Plaintiff and Froning to generate revenue through their performance of the Agreement.

51. Defendant knew that the representations were false. Rookstool has a pattern of failing to pay contractual relations while benefitting from their performance. *See, e.g.*, Ex. 14.

52. Injury was caused to Plaintiff given its reasonable reliance on the many false representations of Rookstool, made for the benefit of FeastBox, LLC, JustMeats, LLC, and himself personally. Plaintiff bypassed other promotional opportunities, particularly sponsorship opportunities leading up to the annual CrossFit Games held in August 2024.

Furthermore, Plaintiff invested its own funds and promotional efforts to benefit the Defendants.

## COUNT III

### CIVIL CONSPIRACY

**(Defendant Jody Rookstool)**

53. Plaintiff re-alleges the facts and allegations set forth in paragraphs 1 through 52.
54. Defendant Rookstool had a common design with FeastBox, LLC employee Ettinger to commit fraud against Plaintiff.
55. To accomplish fraud, Rookstool created videos with intentional misrepresentations, and directed Ettinger to relay intentional misrepresentations to Plaintiff.
56. Rookstool conspired with Ettinger both as an employee within FeastBox, LLC, and as an individual acting for his own benefit outside of FeastBox, LLC.
57. Plaintiff has suffered damages as a result of this conspiracy.

## COUNT V

### UNJUST ENRICHMENT

**All Defendants**

58. Plaintiff re-alleges the facts and allegations set forth in paragraphs 1 through 57.
59. Defendants have unlawfully realized financial benefit at the exploitation of Plaintiff, in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. That process be issued, this Complaint served upon Defendants, and Defendants be made to appear and answer;

B. That a hearing take place on the request that this Court enter a Temporary and Permanent Injunction that enjoins Defendants from: (1) using Froning's likeness, Plaintiff's trademarks and goodwill, and all of the promotional content and media developed by Plaintiff for the promotion of Just Meats products; (2) soliciting, directly or indirectly by any means, any of Plaintiff's contractual partners, including Mayhem Athlete gym programming partners; (3) creating, retaining, sharing, highlighting, and/or preserving any affiliation with Plaintiff and Froning; and, (4) transferring any assets, goodwill, and/or benefit of FeastBox, LLC to Just Meats, LLC.

C. That this Court find Defendants liable for the unlawful actions described herein;

D. That this Court award a judgment against the Defendants and in favor of Plaintiff in the sum of no less than: (1) $91,897.93 for Defendant Feast Box, LLC's breach of contract; (2) $288,118.43 for Defendant Feast Box, LLC and Rookstool's unjust enrichment of net sales realized at the exploitation of Plaintiff; and (3) amounts to be determined during litigation for incidental, consequential, and punitive damages;

E. That Plaintiff be granted judgment for reasonable attorney's fees, accrued prejudgment interest, post judgment interest, court costs and expenses, discretionary costs and expenses, any and all other costs and expenses recoverable by law;

F. That a jury be impaneled to hear the issues of this cause;

G. That Defendants individually, and collectively, be liable for the cost of this cause; and,

H. That Plaintiff have such other and further relief, including equitable relief, as to which it may be entitled.

DATED: August 23, 2024

                                                  Respectfully submitted,

                                                  *Kevin Christopher*

                                                  Kevin Christopher BPR #034845
                                                  1090 Center Drive
                                                  Park City, UT 84098
                                                  *Attorney for Plaintiff*